UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                          Case No. 1-07-43574-dem

EDWARD BABEKOV,                                                 Chapter 7

        Debtor.
-----------------------------------------------------------x
In re:                                                          Case No. 1-07-43573-dem

POS COMPUTERS USA, INC.,                                        Chapter 7

        Debtor.
-----------------------------------------------------------x
GEMINI COMPUTERS, INC.,
                                          Adv. No. 1-07-01467-dem
        Plaintiff,
-against-

POS COMPUTERS USA, INC.,
and EDWARD BABEKOV,

        Defendants.
-----------------------------------------------------------x
GEMINI COMPUTERS, INC.,
                                          Adv. No. 1-07-01483-dem
        Plaintiff,
-against-

EDWARD BABEKOV,

        Defendant.
-----------------------------------------------------------x

**DECISION AND ORDER ON APPLICATIONS REGARDING THE REMOVAL OF THE STATE COURT ACTION AND RELIEF FROM THE AUTOMATIC STAY**

Appearances:

Paul D. Feinstein, Esq.
Attorney for Plaintiff
102 Sunnyside Drive
Yonkers, New York 10705

Stuart Davis, Esq.
Attorney for Defendants
2931 Westchester Avenue
Bronx, New York 10461

DENNIS E. MILTON
UNITED STATES BANKRUPTCY JUDGE

## INTRODUCTION

The matter is before the Court on the application of the defendant Edward Babekov and the Cross Motion of the plaintiff Gemini Computers, Inc. for Orders regarding plaintiff's notice of removal of a state court civil action. On August 16, 2007, Gemini Computers, Inc. (the "plaintiff") filed a notice of removal of the state court civil action, thereby instituting an adversary proceeding against the debtors, Edward Babekov and POS Computers USA, Inc. ("POS Computers") (the "defendants"). Adv. Pro. No. 1-07-01467. On or about August 30, 2007, plaintiff commenced a second adversary proceeding against the defendant Edward Babekov. Adv. Pro. No. 1-07-01483.

On or about November 8, 2007, counsel for defendant Babekov filed a motion for an order remanding the case and imposing sanctions for violation of the automatic stay. On November 20, 2007, this Court denied the defendant's motion as untimely filed. Counsel subsequently re-filed the motion in a timely manner, with a hearing date of February 26, 2008. Plaintiff filed a Cross Motion to Lift Automatic Stay Nunc Pro Tunc and to Confirm Removal and all Prior Proceedings. This Court held hearings on these motions on February 26, 2008, March 27, 2008, May 22, 2008 and July 21, 2008. Based upon the papers submitted and the

arguments of counsel, the Court finds that plaintiff's notice of removal was proper. The Court also finds that equitable grounds exist warranting the remand of Adversary Proceeding No. 1-07-01467-dem. Accordingly, this matter is remanded to the Supreme Court of the State of New York, Queens County. This Court shall retain jurisdiction over Adversary Proceeding No. 1-07-1843-dem.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 7, 2006, plaintiff filed a complaint in the Supreme Court of New York State, Queens County, against Edward Babekov and POS Computers USA, Inc. Gemini Computers, Inc. v. Edward Babekov and POS Computers, Inc. Index No. 17319/06 (Supreme Court, Queens County)(the "state court action"). The Complaint alleged unfair competition, breach of duty of loyalty, breach of contract, misappropriation of trade secrets, and replevin/conversion. Pl.'s Complaint at ¶ 5-11. Both Gemini Computers, Inc. and POS Computers are corporations organized under the laws of the State of New York. Id. at ¶ 1-2. Edward Babekov resides in Flushing, New York. Id. at ¶ 3.

On January 16, 2007, the plaintiff obtained preliminary injunctive relief in the state court action. The injunction enjoined the defendants "from operating any competitive enterprise." Pl.'s Compl. Objecting to Discharge at ¶ 18. Plaintiff filed a Motion for an Order of

Contempt in the state court action against the defendants for violation of this injunction. Id. at ¶ 19.

On July 4, 2007, Edward Babekov and POS Computers filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. On August 16, 2007, the plaintiff filed a notice of removal, instituting an adversary proceeding. Adv. Proc. No. 1-07-1467-dem. On September 5, 2007, the plaintiff filed a Motion for an Order of Contempt in the adversary proceeding. On October 29, 2007, the plaintiff filed a Motion for Default Judgment and Contempt. On January 3, 2008, this Court granted the Motion for Default Judgment and scheduled a hearing to determine the damages pertaining to the citation for contempt.

On January 29, 2008, the defendants filed a Motion seeking damages based upon an alleged violation of the Automatic Stay in removing the state court action to the bankruptcy court and moving for entry of a default judgment in the resulting adversary proceeding. The plaintiff filed a Cross Motion to Lift Automatic Stay Nunc Pro Tunc and to Confirm Removal and all Prior Proceedings Herein on February 28, 2008. This Court held hearings on these motions on February 26, 2008, March 27, 2008, May 22, 2008 and July 21, 2008 and took the matter under advisement.

## DISCUSSION

### A. Plaintiff's Notice of Removal was Proper

The first matter before the Court is the determination whether the Notice of Removal which plaintiff filed properly removed the state court action to this Court. Bankruptcy Rule 9027(a)(2) provides the basis for timely filing of a notice of removal. Bankruptcy Rule

9027(a)(2) provides:

> If the claim or cause of action in a civil action is pending when a case under the Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after enter of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under §362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 Reorganization case but not later than 180 days after the order of relief.

An "order for relief" in a voluntary action is the filing of the petition under section 301 or 302. 11 U.S.C. §102(6). See also Edge Petroleum Operating Co., Inc. v. Duke Energy Trading & Marketing, L.L.C., 312 B.R. 139, 144 (S.D.Tex., 2002). Here the defendants argued that the plaintiff's removal action is in violation of the automatic stay granted under 11 U.S.C. §362(a), and that Bankruptcy Rule 9027(a)(2)(B) determined that the only time period in which plaintiff in this case could have filed a timely notice of removal was 30 days after entry of an order terminating a stay. Bankruptcy Rule 362(a)(1) provides in pertinent part for an automatic stay of

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;

The defendants' acts in filing the Chapter 7 petitions stayed the plaintiff's state court action. The automatic stay, however, does not apply to plaintiff's adversary proceeding. Courts have found an "important and fundamental" exception to the automatic stay. In re Atreus Enterprises, Ltd., 120 B.R. 341, 346 (Bankr.S.D.N.Y., 1990). Any action to assert a pre-petition claim against

the debtor which would otherwise be enjoined by 11 U.S.C. 362(a), if initiated in any other context, is not subject to the automatic stay if commenced in the bankruptcy court where the debtor's bankruptcy case is pending. See id.; See also In re North Coast Village, Ltd., 135 B.R. 641, 644 (9th Cir.BAP (Cal.), 1992)(holding that the automatic stay does not apply to proceedings against the debtor in the home bankruptcy court and did not prevent plaintiff's adversary proceeding seeking specific performance and declaratory relief). The automatic stay would not apply to a case removed to the forum of the debtor's bankruptcy case, see In re Thomson McKinnon, Inc., 130 B.R. 721, 724 (Bankr.S.D.N.Y., 1991), because "The automatic stay is intended as an umbrella to protect a debtor temporarily from the shower of law suits and collection efforts by creditors *outside* the bankruptcy court..." In re Atreus Enterprises, Ltd., 120 B.R. at 346 (emphasis added). The bankruptcy court is expressly authorized to hear and determine any and all core proceedings described in 28 U.S.C. § 157(b)(1), and any actions against the debtor which might be otherwise related to a case under title 11, as provided under 28 U.S.C. § 157(c)(1). See id.

The plaintiff's initial adversary proceeding against the debtors in this case is not enjoined under 11 U.S.C. § 362(a). The Court finds that there is no violation of the automatic stay, and that plaintiff's notice of removal is proper. In the alternative, the Court finds that Bankruptcy Rule 9027(a)(2)(A) requires that a notice of removal be filed within 90 days after the order of relief in the case under the Code. Plaintiff's notice of removal was filed approximately forty-seven days after defendants filed under chapter 7 of the Bankruptcy Code. Therefore, plaintiff's notice of removal was timely under Bankruptcy Rule 9027(a)(2)(A).

**B. Although Properly Before this Court, the Adversary Proceeding Commenced by the Notice of Removal (Adv. Pro. No 1-07-1467) Should Be Remanded to the State Court.**

Although the removal of the state court action to this Court suffers from no procedural defect, it is for this Court to determine whether this Court is the appropriate Court for resolution of its causes of action. It is often more appropriate to permit proceedings to continue in their place of origin. See H.R.Rep. No. 595, 95th Cong., 1st Sess. 341 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 50 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5836, 6297.

**1. Remand of the State Court Action**

28 U.S.C.§ 1452 addresses the removal of claims related to bankruptcy cases. It provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground....

28 U.S.C. § 1452. The determination whether to remand a removed proceeding is left to the discretion of the bankruptcy judge. See In re Irwin, 325 B.R. 22, 28 (Bankr.M.D.Fla., 2005)(quoting TIG Insurance Company v. Smolker, 264 B.R. 661, 665 (Bankr.C.D.Cal., 2001)).

Courts generally consider a variety of factors when deciding whether a cause of action

should be remanded under 28 U.S.C. § 1452. These include:

> (1) forum non conveniens; (2) the importance of trying the entire action in the same court; (3) the extent to which state law dominates; (4) the state court's familiarity with state law; (5) the existence of a right to a jury trial; (6) judicial economy; (7) comity; (8) prejudice to the involuntarily removed party; (9) the degree of relatedness of the action to the main bankruptcy case; (10) the possibility of inconsistent results; and (11) the effect of bifurcating claims of the parties.

In re Brooks, 389 B.R. 790, 793 -794 (Bankr.M.D.Fla., 2008)(citations omitted); See also Drexel Burnham Lambert Group, Inc. v. Vigilant Ins. Co., 130 B.R. 405, 407 (S.D.N.Y., 1991)(listing factors to consider when determining to remand a cause of action).

The state court action alleges unfair competition, breach of duty of loyalty, breach of contract, misappropriation of trade secrets, and replevin/conversion. Plaintiff's Complaint at ¶ 5-11. These are tort and contract causes of action in which state law dominates. None of the claims in the Complaint depends on federal bankruptcy law. The Court finds that the following legal and equitable grounds exist to remand plaintiff's action to the State Court. The State Court matter was commenced prior to the filing of the bankruptcy petition and the initiation of these adversary proceedings. The State Court heard the parties' arguments and issued an initial temporary injunction against the defendants. The State Court is familiar with the facts of the case, and it would be beneficial to the parties for all actions in this matter to be heard in the same court. The State Court is also the proper forum for plaintiff's action.

In addition, the Court finds that the factor of comity weighs in favor of remand. "Comity focuses on the state's interest in developing its law and applying its law to its citizens." Abbatiello v. Monsanto Co., 2007 WL 747804, 5 (S.D.N.Y., 2007)(citing Renaissance Cosmetics, Inc. v. Development Specialists Inc., 277 B.R. 5 (S.D.N.Y., 2002)). In this matter all of the parties

are residents of New York. Both Gemini Computers, Inc. and POS Computers are corporations organized under the laws of the State of New York. Pl.'s Compl. at ¶ 1-2. Edward Babekov is also a resident of New York. Id. at ¶ 3. Thus the state has an interest in governing its businesses and residents. Further, the plaintiff seeks an injunction which would be more easily enforced by state authorities as the parties are all New York State residents.

Although this matter is sufficiently related to the defendants' bankruptcy case for jurisdictional purposes under § 1334(b), the Court finds that plaintiff's action is largely independent of defendants' bankruptcy case. Plaintiff and defendants are not intertwined through property and/or assets. Plaintiff's Complaint alleges replevin/conversion and seeks the return of property; however, such property includes software, computer code, and pictures, not major assets of the estate. Any debt owed to the plaintiff will result from this action. Therefore this action is sufficiently remote from defendants' bankruptcy case to warrant remand.

In conclusion, the Court finds that the commencement of this matter in the New York state court prior to the filing of defendants' bankruptcy petition, the presence of state law claims, the fact that all parties in the action are residents of New York State, the familiarity of the state court with the facts of the case in view of its entry of a preliminary injunction, and that this action is sufficiently remote from defendants' bankruptcy proceeding so as not to interfere with the efficient administration of the bankruptcy estate. The Court finds that these factors, taken individually or together, compel a remand of the state court action to the State Court.

### 2. Remand of Second Adversary Proceeding [Adversary Proceeding No. 1-07-1483-dem] Is Not Warranted

In <u>Gemini Computers, Inc. v. Edward Babekov</u>, Adversary Proceeding No. 07-1483,

the plaintiff seeks Orders denying a discharge in bankruptcy to the debtor Edward Babekov. As a general rule, state and federal courts have concurrent jurisdiction over civil proceedings that arise under, arise in, or are related to a bankruptcy case. See In re Rex, 378 BR. 672, 675 (Bankr.M.D.Fla., 2007)(citing In re Franklin, 179 B.R. 913, 919 (Bankr.E.D.Cal., 1995)). 28 U.S.C § 1334 provides:

> (b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). Courts have acknowledged that dischargeability actions constitute proceedings that "arise under" a bankruptcy case within the meaning of § 1334(b), and that bankruptcy courts therefore share concurrent jurisdiction with state courts over certain dischargeability actions. See In re Rex, 378 B.R. at 675.

Section 523(c) of the Bankruptcy Code also supports the proposition that bankruptcy courts and state courts maintain concurrent jurisdiction to decide dischargability. See In re Crocker, 362 B.R. 49, 55 (1st Cir.BAP (Mass.) 2007); Whitehouse v. LaRoche, 277 F.3d 568, 576 (1st Cir. 2002); In re Iannacone, 21 B.R. 153, 155 (Bankr.D.Mass., 1982). Bankruptcy courts do, however, have exclusive jurisdiction to decide exceptions to discharge that arise under Sections 523(a)(2), (4), (6), and (15) of the Bankruptcy Code. See 11 U.S.C. § 523. Since the causes of action in this adversary proceeding arise under sections of the Bankruptcy Code over which this Court has exclusive jurisdiction, this Court shall retain jurisdiction of this adversary proceeding.

## CONCLUSION

For the reasons set forth more fully above, the Court finds that plaintiff's notice of

removal was proper. The Court also finds that equitable grounds exist warranting the remand of Adversary Proceeding No. 1-07-01467-dem. Accordingly, this matter is remanded to the Supreme Court of the State of New York, Queens County. This Court shall retain jurisdiction over Adversary Proceeding No. 1-07-1843-dem.

IT IS SO ORDERED.

Dated: Brooklyn, New York
      May 5, 2009

S/Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge